| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br>DENISE CARLON, ESQUIRE<br>KML LAW GROUP, P.C.<br>Sentry Office Plz<br>216 Haddon Ave.<br>Suite 406<br>Westmont, NJ 08018<br>(215)627-1322<br>dcarlon@kmllawgroup.com<br>Attorneys for Secured Creditor<br>Wilmington Savings Fund Society, FSB, Acting Not in its Individual capacity but solely as trustee for SouthSide NSP Trust 2017-6 | **Order Filed on November 16, 2018 by Clerk U.S. Bankruptcy Court District of New Jersey** |
| In Re:<br><br>Adina N. Williams,<br><br>Debtor. | Case No.: 18-24455 JKS<br>Adv. No.:<br>Hearing Date: 9/13/18 @ 9:00 a.m.<br><br>Judge: John K. Sherwood |

### ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through two (2) is hereby **ORDERED**

**DATED: November 16, 2018**

Honorable John K. Sherwood
United States Bankruptcy Court

Page 2
Debtor:      Adina N. Williams
Case No.:    18-24455 JKS
Caption:     **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, Wilmington Savings Fund Society, FSB, Acting Not in its Individual capacity but solely as trustee for SouthSide NSP Trust 2017-6, holder of a mortgage on real property located at 863 Ternay Avenue, Scotch Plains, NJ 07076, Denise Carlon appearing, by way of objection to the confirmation of Debtor's Chapter 13 Plan, and this Court having considered the representations of attorneys for Secured Creditor and Richard Obuch, Esquire, attorney for Debtor, Adina N. Williams, and for good cause having been shown;

It **ORDERED, ADJUDGED and DECREED** that Debtor shall obtain a loan modification by November 27, 2018, or as may be extended by an application to extend or by modified plan; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** the Debtor is to make adequate protection payments in accordance with the terms of the Loss Mitigation Order while the loan modification is pending; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that the trustee is not to pay the arrears while the loan modification is pending; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor does not waive its rights to the pre-petition arrears or any post-petition arrears that may accrue; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Debtor is responsible for the difference between the adequate protection payment and the regular monthly payment for all months while the loan modification is pending if loss mitigation is unsuccessful; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that if the loan modification is not successful, Debtor shall modify the plan to otherwise address Secured Creditor's claim

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to confirmation is hereby resolved.